# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Chester C. Graham,<br><br>　　　Plaintiff,<br>v.<br><br>Edge Financial, Inc.,<br><br>　　　Defendant. | **Court File No.** |

RECEIVED BY MAIL
AUG 17 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## COMPLAINT

## INTRODUCTION

1.　This is a Complaint brought by a consumer seeking statutory damages against a telemarketer for violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 and Regulations issued thereunder by the Federal Communications Commission (FCC) found at 47 CFR ¶64.1200 and subsequent FCC Rulings and Declaratory Orders.

2.　By 1991 consumer complaints about abuses of telephone technology and telemarketing "robocalls" prompted Congress to pass the TCPA.

3.　Senator Hollings, the TCPA's sponsor, described these calls as :

**The scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.**[1]

---

[1] *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), citing 137 Cong. Rec. 30,821 (1991).

SCANNED
AUG 17 2020
U.S. DISTRICT COURT MPLS

1

4. The FCC has recognized automated telephone calls are a greater nuisance and invasion of privacy than calls made by a live solicitor.

## JURISDICTION AND VENUE

5. TCPA cases may be heard in a federal court. <u>Mims. v. Arrow Fin. Servs., LLC</u>, 568 U.S. 368, 132 S.Ct. 740 (SCOTUS 2012).

6. Venue is proper in this district because the acts and omissions complained of occurred in this district and the Plaintiff resides in this district.

## PLAINTIFF

7. Plaintiff Chester C. Graham (Plaintiff) is a senior adult at all times relevant hereto residing in Northfield, Minnesota, the County of Rice.

8. Plaintiff owns a cell telephone with a number ending in 9014.

## DEFENDANT

9. Defendant Edge Financial, Inc. (Defendant) is a California corporation with a principal executive office, principal business office and mailing address in Los Angeles CA.

10. Defendant's California registered agent is eResidentAgent, Inc. in Sacramento CA.

11. Defendant does not have a Minnesota registered agent.

12. Defendant has done business under Tax Alleviation Xperts, Inc., TAX, Inc., STOPIRSDEBT, Inc., StopIRSdebt.com and STOP IRS Debt.

13. Defendant is a tax consulting service and mediator provider offering individual and corporate tax return planning, IRS audit and appeals representation, garnishment and levy removal and IRS negotiations.

## FACTS

### Defendant's CAlls to Plaintiff

14. Beginning January 15, 2019, and continuing to October 2, 2019, Defendant made 37 calls to Plaintiff's cell telephone leaving text messages offering the Defendant's tax services.

15. These calls are detailed in Plaintiff's Exhibit "A."

16. The TCPA applies to text messages. See _Hashw v. Department Stores National Bank_, 182 F.Supp.3d 935 (2013) Civ. No. 13-727 (RHK/JJK) U. S. Dist. Ct., D. Minnesota November 26, 2013.

17. The receipt of a single unauthorized text message is sufficient to create standing under the TCPA. See _Ung v. Universal Acceptance Corporation_, 198 F. Supp.3d 1036, 1038 (U. S. Dist. Ct. Minnesota 2016).

18. The Defendant's calls to Plaintiff were made willfully and knowingly using an automatic telephone dialing system (ATDS) and violated § 227(b)(1)(A)(iii) of the TCPA.

19. The Plaintiff will determine the mechanics of the Defendant's ATDS in more detail with discovery.

20. Plaintiff never had an established business relationship with Defendant as defined at 47 CFR ¶ 64.1200(f)(5).

21. Plaintiff has never given Defendant prior express written consent as defined at 47 CFR ¶ 64.1200(f)(8) and subsequent FCC Rules & Regulations to be sent telemarketing messages by Defendant.[2]

22. Defendant is a telemarketer as defined at 47 CFR ¶ 64.1200(f)(11).

23. Defendant's texts to Plaintiff are telemarketing messages as defined at 47 CFR ¶ 64.1200(f)(12).

24. Defendant was engaged in telephone solicitation as defined at 47 CFR ¶64.1200(f)(14).

25. Plaintiff is requesting statutory damages only and there is no duty to mitigate statutory damages. See <u>Ross v. Garner Printing Co.</u>, 285 F.3d 1106, 1134 (8th Cir. 2002).

26. Defendant's calls to Plaintiff were not made for religious, charitable or emergency reasons.

---

[2] "Once our written consent rules become effective , , , , an entity will no longer be able to rely on non-written forms of express consent to make autodialed or prerecorded voice calls, and thus could be liable for making such calls absent prior written consent." <u>In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 27 FCC Rcd. 1830, 1857 ¶68 (Feb. 20, 2012). This FDCC Order took effect on Oct. 16, 2013. See <u>Soular v. Northern Tier Energy, LP</u>, Civil No. 15-CV-556(SRN/LIB) U.S.D.C., D. Minnesota August 25, 2015. Also, FCC Enforcement Advisory DA16-1299, Nov. 18, 2016 No. 2016-06.

## Defendant's Failure to Supply Plaintiff Its Policy Regarding The Federal Trade Commission's Do-Not-Call Registry

27. July 10, 2019, and July 30, 2019, Plaintiff requested Defendant's policy regarding the do-not-call registry maintained by the Federal Trade Commission (FTC).

28. Both requests were sent by 1st Class U. S. Postal Service (USPS) to the Defendant's official mailing address.

29. August 4, 2020, Plaintiff again requested Defendant's policy regarding the do-not-call registry, sending the request by 1st Class USPS to Defendant's mailing address and the Defendant's California registered agent.

30. Plaintiff obtained USPS Certificates of Mailing for each of the four requests.

31. To date Plaintiff has not received a copy of Defendant's policy and his requests have not been returned by the USPS to Plaintiff.

32. TCPA claims are governed by the "catch all" limitations period of four years. See 28 U.S.C. § 1658(a)(2017).[3]

## COUNT ONE

## Violations of § 227(b)(1)(A)(iii) of the TCPA

33. Plaintiff restates and incorporates by reference as if they were stated here Paragraphs 1 - 32 of this Complaint.

---

[3] 28 U.S.C. § 1658(a) was enacted on December 1, 1990, a full year before Congress enacted the TCPA - December 20, 1991. See *Christianson v. Ocwen Loan Servicing, LLC*, 338 F.Supp.3d 989 (2018) U.S.D.C., D. Minnesota.

34. Defendant's thirty-seven calls to Plaintiff's cell telephone knowingly and willfully using an ATDS and sending telemarketing text messages violated § 227(b)(1)(A)(iii) of the TCPA thirty-seven times making Defendant liable for treble damages for each violation in the amount of $1,500.00 per call under
§ 227(b)(3) of the TCPA for a total of $55,500.00.

## COUNT TWO

### Violations of 27 CFR ¶64.1200(d)(1)

35. Plaintiff restates and incorporates by reference Paragraphs 1 - 34 of this Complaint as if they were stated here.

36. Defendant's four failures failures made knowingly and willfully to provide Plaintiff a copy of its policy regarding the do-not-call registry maintained by the FTC violated 47 CFR ¶64.1200(d)(1) four times making the Defendant liable for treble damages in the amount of $1,500.00 for each violation under § 227(b)(3) of the TCPA for a total of $6,000.00.

## DEMAND FOR JUDGMENT

37. Plaintiff Chester C. Graham respectfully requests an Order of this Court declaring that

    (A)    Defendant Edge Financial, Inc. pays Plaintiff Chester C. Graham $61,500.00; and

(B)   For such further relief as the Court deems necessary and just.

Date: *August 13, 2020*     *Chester C. Graham*
Chester C. Graham
Plaintiff and Attorney *pro se*
905 Forest Avenue #214
Northfield MN 55057
Telephone: (507) 403-9014
chester474@gmail.com

## ACKNOWLEDGEMENT

The undersigned acknowledges that he may be assessed costs, disbursements, witness fees and attorney fees pursuant to Minn. Stat. § 529.211.

*Chester C. Graham*
Chester C. Graham